IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM F. JONES, o/b/o T.J.J.,    )
                  )
        Plaintiff,    )
                  )
   v.             ) CASE NO. 1:10-CV-328-TFM
                  ) [wo]
MICHAEL J. ASTRUE,      )
COMMISSIONER OF SOCIAL SECURITY,  )
                  )
        Defendant.    )

## MEMORANDUM  OPINION AND ORDER

On November 2, 2006, plaintiff William Jones ("Plaintiff" or "Jones") filed an

application for Supplemental Security Income benefits under Title XVI of the Social

Security Act, 42 U.S.C. §§ 1380-1383c, *et seq*., on behalf of his son, T.J.[1]  After the

initial application was denied, Jones timely requested a hearing before an administrative

law judge ("ALJ") which took place on March 27, 2009.  In the decision issued on May 6,

2009, the ALJ determined that T.J. is not "disabled" and therefore, not entitled to

supplemental security income benefits.  The Appeals Council rejected the request for

review, hence the decision of the ALJ became the final decision of the Commissioner of

---

[1]  Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D.
Ala. General Order No. 2:04mc3228, the Court has redacted the plaintiff's minor child's name
throughout this opinion and refers to him only by his initials, T.J.

Social Security ("Commissioner").[2]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

1986).  The parties consent to the undersigned rendering a final judgment in this lawsuit

pursuant to 28 U.S.C. § 636 (c)(1) and M.D. Ala. LR 73.1.  The Court has jurisdiction

over this lawsuit pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  For the reasons that

follow, the Court AFFIRMS the Commissioner's decision denying T.J. supplemental

security income benefits.

## I. NATURE OF THE CASE

Jones requests judicial review of the Commissioner's decision denying T.J.'s

application for disability insurance benefits and supplemental security income.  United

States district courts may conduct limited review of such decisions to determine whether

they comply with applicable law and are supported by substantial evidence.  42 U.S.C. §

405 (2006).  The Court may affirm, reverse and remand with instructions, or reverse and

render a judgment.  *Id.*

## II. STANDARD OF REVIEW

The Court reviews a social security case to determine whether the Commissioner's

decision is supported by substantial evidence and based upon proper legal standards.

*Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  The Court "may not decide the

facts anew, reweigh the evidence, or substitute [its] judgment for that of the

---

[2] Pursuant to the Social Security Independence and program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred tot he Commissioner of Social Security.

Commissioner," but rather it "must defer to the Commissioner's decision if it supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (stating the court should not re-weigh the evidence). The Court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842, (1971) and *MacGregor v. Bowen*, 785 F.2d 1050, 1053 (11th Cir. 1986)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court

must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129,131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health and Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.; Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK

In 1996, the President signed into law the Personal Responsibility and Work Opportunity Recommendation Act of 1996, which includes a new standard to define child disability under the Social Security Act. *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996). The revised statute provides that an individual under eighteen shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitation, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1.      If the claimant is engaged in substantial gainful activity, he is not disabled.

2.      If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment.  If the claimant's impairment is not severe, he is not disabled.

3.      If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. part 404, Subpart P, Appendix 1.  If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

If a minor's severe impairments do not meet, or are not medically equal to, regulatory Listings, the ALJ must determine whether the impairments are functionally equivalent to the Listings.  This task requires the ALJ to determine the degree to which a minor's limitations interfere with normal life activities through a pre-determined listing of six major domains of life;

(i) acquiring and using information;

(ii) attending and completing tasks;

(iii) interacting and relating with others;

(iv) moving about and manipulating objects;

(v) caring for oneself; and

(vi) health and physical well-being.

20 C.F.R. § 416.926a(b)(1).  If a minor has a "marked" limitation in two or more of these domains, or an "extreme" limitation in one, the minor is to be considered to have

"functionally equaled" the listing.  *Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004).  The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled.  *See* 20 C.F.R. § 416.924(d)(2).  In reviewing the Commissioner's decision, this Court asks if the findings concerning the steps are supported by substantial evidence.   *Shinn*, 391 F.3d at 1282; *see also Brown v. Callahan*, 120 F.3d. 1133 (10th Cir. 1997).

## IV. STATEMENT OF THE ISSUES

Jones alleges three points of error in the decision of the ALJ.  (Pl. Br. at 6).  First Jones argues "[t]he Commissioner's decision should be revered because, the ALJ failed to find that T.J.'s mental retardation meets Listing 112.05d." (Pl's Br. at 6).  Next, Jones argues "[t]he Commissioner's decision should be reversed because, the ALJ's functionality findings lack the support of substantial evidence and contain no rationale or reference to any supporting evidence."  *Id*.  Finally, Jones argues that "[t]he Commissioner's decision should be reversed because, the ALJ failed to evaluate the limitations imposed by the combinations of T.J.'s impairments under the proper legal standard."  *Id*.

The issues and arguments Jones raises turn upon this Court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622, 625 (11th Cir. 1987).

# V. DISCUSSION AND ANALYSIS

**A.      Whether the Commissioner's decision should be reversed because, the ALJ failed to find that T.J.'s mental retardation meets Listing 112.05(d).**

Jones argues that the Court must reverse Commissioner because "the ALJ failed to find that T.J.'s mental retardation meets Listing 112.05d."  (Pl. Br. at 5).  "The listings set out at 20 C.F.R. pt. 404, subpt. P, App. 1 (pt. A) (1989), are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect."  *Sullivan v. Zebley*, 493 U.S. 521, 529,110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990).  In *Sullivan,* the Supreme Court explains that "[e]ach impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results" and that in order for the claimant to show that the impairment matches a specific listing "it must meet all of the specified medical criteria."  *Id.*   If the claimant is able to show only some of the criteria, regardless of the severity of the manifestation, there will be no qualification for that listing.  *Id.* at 530, 891; *see also Social Security Ruling* (SSR) 83-19, Dept. of Health and Human Services Rulings 90 (Jan. 1983) ("An impairment 'meets' a listed condition ... only when it manifests the specific findings described in the set of medical criteria for that listed impairment."  "The level of severity in any particular listing section is depicted by the given set of findings and not by the degree of severity of any single medical finding-no matter to what extent that finding may exceed the listed value.").

Under the mental retardation listing in 112.05, T.J. must be "[c]haraterized by

significantly subaverage general intellectual functioning with deficits in adaptive functioning." The subparagraph under the listing Jones relies upon is one of six subparagraphs related to mental retardation. Jones seeks relief under subparagraph 112.05(d) wherein T.J. must show he has "[a] valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical or other mental impairment imposing an additional and significant limitation of function." 20 C.F.R. pt. 404, subpt. P., app., 1 §112.05(d) (emphasis added).

The parties and the ALJ all agree that T.J. has a full scale IQ score of 63. There is no evidence T.J. has either "a physical or other mental impairment imposing an additional and significant limitation of function," as is required. *Id.* Jones urges the Court to consider that T.J. attends special education classes and has low reading levels. Neither attending special education classes nor low reading levels are helpful to Jones in meeting his burden of proof that T.J. has a physical or mental impairment and that it imposes an additional and significant limitation of function. The ALJ did note that Dr. Fred George opines that T.J.'s IQ score was "not an accurate representation of his intellectual functioning" but rather that T.J. was "likely functioning in the slow learner or borderline range to possibly the lower average range of intelligence." (Tr. 275). Absent any other evidence of an additional physical or mental impairment that causes additional and significant limitation, the claim must fail under § 112.05(d). The only listing that allows for a presumptive finding of mental retardation based on the full scale IQ test alone is that

in § 112.05(c).  Under § 112.05(c) a claimant must have a valid "verbal, performance, or full scale IQ of 59 or less," which is clearly not the situation in the present case.  The parties concede that T.J. has a full scale score of 63 and therefore does not qualify under § 112.05(c).

**B.     Whether the Commissioner's decision should be reversed because, the ALJ's functionality findings lack the support of substantial evidence and contain no rationale or reference to any supporting evidence**.

Jones avers that the ALJ's functionality findings lack substantial evidence and contain no rationale, nor any reference to any supporting evidence.  "By 'functionally equal the listings,' we mean that your impairment(s) must be of the listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain, as explained in this section."  *Greene v. Astrue*, 2008 WL 2718500, *3 (N.D. Fla. 2008) (Unpublished) (citing 20 C.F.R. § 416.92a(a)).  The decision by the ALJ indicates that she reviewed the facts of T.J.'s case through the lense of an analytical process accounting for all six domains of functions.  (Tr. 29 - 34).

Jones correctly cites to *Cook v. Barnhart*, that the ALJ must consider all evidence and "[i]n the absence of specific mention of the ALJ of all the factors, opinions, and circumstances that contributed to his findings, the court must conclude that the ALJ did not consider them."  *Cook v. Barnhart*, 347 F.Supp.2d 1125, 1132 (M.D. Ala. 2004). Jones avers that "the ALJ failed to state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered in making her functionality

findings." (Pl. Br. 8)

Jones argues that the evaluation performed by Dr. Fred George at Enterprise Behavior Health Services wherein he notes that T.J. "[h]ad difficulties with understanding questions and instructions," is part of the evidence that "overwhelmingly support[s] a finding that T.J. has marked limitation." (Pl. Br. 9). Jones claims that the Full Scale IQ tests as well as the diagnoses of dyslexia give "credibility to Dr. George's opinion that T.J. has a marked limitation in his ability to acquire and use information." (Pl Br. 10). Jones refers again to Dr. George, and to a much smaller extent the record of T.J.'s resource teacher Ms. Boutwell, in reference to the limitation finding in attending and completing task domain stating that "the medical records and records as a whole supports a finding that T.J. is limited in his ability to attend to and complete tasks." (Pl. Br. 11).

The brief in support of the Commissioner's decision addresses the individual domains of attending and completing tasks, moving about and manipulating objects, and acquiring and using information. (Rs. Br. 10 - 14). In each of these areas the Commissioner highlights aspects of the administrative transcript which Jones does not address in his brief. For instance, the Commissioner notes that Dr. George opines that T.J. no longer has ADHD, and that T.J. was only moderately limited in his ability to attend and complete tasks. (RS. Br. 11). The Commissioner further cites to evidence presented to the ALJ such as the opinion of Dr. Estock that T.J. had a less than marked limitation, that T.J.'s teacher did not indicate that he was limited, and that T.J.'s father

testified that T.J. took no medication for his ADHD.  (Rs. Br. 11).  In addition, the Commissioner also addresses the transcript's reference to no limitations in moving and manipulating through a variety of activities such as writing, drawing, and playing football.  (Rs. Br. 12).  In regard to the domain of acquiring and using information, the Commissioner notes the opinion of Dr. Estock and Dr. George that T.J. has less than marked limitations, likely functions in the lower average range of intelligence, and that special education classes are working well for T.J.  (Rs. Br. 284, 275, and 308)

The ALJ addresses each of these domains by specifically citing to the particular section of 20 C.F.R. § 416.92 that applies to each domain.  (Tr. 29 - 34)  The ALJ then notes T.J.'s limitation in each domain and follows each limitation determination with a synopsis of the portion of the record, testimony, or lack of evidence that supports the conclusion.  *Id*.  The ALJ concludes T.J. has: (1) less than marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) no limitation in health and physical well-being.  *Id*.

The Court recognizes that "[t]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."  *Mixon v. Astrue*, 2011 WL 867213, *6 (M.D.Ala. 2011) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).  In *Mixon* the Court states that "though the ALJ did not specifically reference the reports, his

statement that his findings were made after consideration of the entire record are sufficient to support this Court's finding that he did, in fact, consider the information." *Id*.  The Court concludes the ALJ in Jones did consider all of the evidence to reach her findings because the ALJ addresses each of the six domains individually in light of the applicable standard.  The written opinion by the ALJ delineates the evidence considered for each domain, the findings, as well as the indication that the ALJ considered all of the evidence.  The ALJ said "[i]n determining the limitation in each of the six functional domains, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 416.929, SSRs 96-4p and 96-7p."  (Tr. 24).   The ALJ also considered the opinion evidence presented.  (Tr. 24).  A comprehensive review of the evidence presented to and considered by the ALJ coupled with the individual analysis as to each of the six domains and the record as a whole was sufficient evidence for the ALJ to conclude that T.J. has a less than marked limitation in acquiring and using information as well as interacting and relating with others.  The Court finds no legal error in the ALJ finding that T.J. has less than marked limitations in these domains and substantial evidence supports the findings.

C.     **Whether the Commissioner's decision should be reversed because the ALJ failed to evaluate the limitations imposed by the combinations of T.J.'s impairments under the proper legal standard**.

Jones urges the court to reverse the ALJ because the "ALJ failed to evaluate the

limitations imposed by the combinations of [T.J.'s] impairments under the proper legal standard." (Pl. Br. 11). The proper legal standard is discussed in *Williams v. Barnhart*, 186 F.Supp.2d 1192 (M.D. Ala. 2002). The court in *Williams* recognizes that "the requirement that the combined effects of impairments be considered is universally understood, just what constitutes 'consideration' is not." *Id*. at 1199. The court noted that the Eleventh Circuit "declared that the ALJ is required to make specific and well-articulated findings regarding the effect of the combination of impairments. *Id*. (quoting *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987)). To clarify the "specific and well-articulated" aspect the court noted that "as a baseline consideration, *Walker requires* the ALJ in his analysis or findings at least to mention all of the claimant's individual impairments." *Williams v. Barnhart*, 186 F.Supp.2d 1192, 1200 (M.D. Ala. 2002) (emphasis added). This requirement is tempered by the court in that "the ALJ *should* engage in a pairing analysis which juxtaposes single impairments one with another, to determine whether or not, as an aggregate, they produce a cognizable disability." *Id*. (emphasis added). The court does not indicate the extent that this juxtaposition must be done or even that it is required. *Id*.

The court in *Williams* also analyzes the requirements in *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529 (11th Cir. 1991), noting that "[w]hile [Plaintiff] 'has severe residuals of an injury to the left heel and multiple surgeries on that area,' he does not have 'an impairment or combination of impairments listed in, or medically equal to

one listed in Appendix 1, Subpart P, Regulation No. 4.'" *Williams*, 186 F.Supp.2d at

1200. *Williams* recognized that "[t]he Court concluded that this statement 'evidences

consideration of the combined effect of appellant's impairments'" and was not required to

go through a rigorous juxtaposing of every possible combination of impairments. *Id*.

(quoting *Jones*, 941 F.2d at 1529).

The Court in the instant suit is therefore required to determine if the ALJ

considered "an impairment or combination of impairments" and finds that this was done.

The ALJ not only included a lengthy review of all evidence, medical history, and oral

testimony, as well as a functional description of all steps in the decision making process

including the domains to be considered.  Further, the ALJ said "I have considered all

symptoms and the extent to which these symptoms can reasonably be accepted as

consistent with the objective medical evidence and other such evidence . . ." (Tr. at 23-

24).  The ALJ also indicated that her decisions as to the credibility of the evidence,

statements, and medical records must be made "based on a consideration of the entire

case record." (Tr. at 24). The Court finds that the "baseline requirement" as delineated in

*Williams* to "at least mention all of the claimant's individual impairments" was met by the

ALJ.  *See Williams*, 186 F.Supp.2d at 1200.  Perhaps, if individual aspects of the findings

of the ALJ were taken in isolation and to the complete exclusion as to the balance of the

opinion, one could argue that the ALJ failed to comply with the requirements to articulate

her findings; however, the Court finds that the ALJ's decisions were "well-articulated" as

required.

## V. CONCLUSION

Pursuant to the findings and conclusions detailed in this Memorandum Opinion, the Court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be entered.

Done this the 5th day of May, 2011.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE